Semnar & Hartman, LLP
Babak Semnar, Esq. (#224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman (#254860)
jared@ sandiegoconsumerattorneys.com
400 S. Melrose Drive, Suite 209
Vista, California 92081
Telephone: (951) 293-4187
Fax: (888) 819-8230

Attorneys for Plaintiff,
KIM BEAUCHAMP LEGAT

## U.S. DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM BEAUCHAMP-LEGAT, an individual<br><br>Plaintiff,<br><br>v.<br><br>FIRST NATIONAL COLLECTION BUREAU, INC.; and DOES 1-10;<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, et seq.;**<br>2. **STATE OF CALIFORNIA ROSENTHAL ACT, CALIF. CIV. CODE § 1788, et seq.;** |

Plaintiff, KIM BEAUCHAMP-LEGAT, an Individual, by and through her attorneys of record, hereby complains and alleges as follows:

## <u>INTRODUCTION</u>

1.     Plaintiff, by and through her attorneys of record, brings this action to secure redress from unlawful debt collection practices engaged in by Defendant FIRST

1   NATIONAL COLLECTION BUREAU, INC. (hereinafter "FNCB") in violation of the

2   Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter

3   "FDCPA") and the State of California Rosenthal Act, California Civil Code § 1788-

4   1788.32 (hereinafter "Rosenthal" or "Rosenthal Act").

5       2.      Plaintiff makes the allegations below on information and belief, with the

6   exception of those allegations that pertain to Plaintiff personally, or to Plaintiff's

7   counsel, which Plaintiff alleges on personal knowledge.

8       3.      While many violations are described below with specificity, this

9   Complaint alleges violations of the statutes cited in their entirety.

10      4.      In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following

11  findings and purpose in creating the FDCPA:

12      Abusive practices. There is abundant evidence of the use of
        abusive, deceptive, and unfair debt collection practices by many
13      debt collectors. Abusive debt collection practices contribute to the
        number of personal bankruptcies, to marital instability, to the loss
14      of jobs, and to invasions of individual privacy.

15      Inadequacy of laws. Existing laws and procedures for redressing
        these injuries are inadequate to protect consumers.
16
        Available non-abusive collection methods. Means other than
17      misrepresentation or other abusive debt collection practices are
        available for the effective collection of debts.
18
        Interstate commerce. Abusive debt collection practices are carried
19      on to a substantial extent in interstate commerce and through
        means and instrumentalities of such commerce. Even where
20      abusive debt collection practices are purely intrastate in character,
        they nevertheless directly affect interstate commerce.
21

2
**COMPLAINT FOR DAMAGES**

Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

5.     In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

## JURISDICTION AND VENUE

4.     This action arises out of Defendant's violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p.  The U.S. District Court has supplemental jurisdiction over all state law causes of action pursuant to 28 U.S.C. § 1367(a).

5.     Defendant FNCB is incorporated and headquartered within the State of Nevada, but regularly conducts business within the State of California by purposefully

3
**COMPLAINT FOR DAMAGES**

1 contacting California residents for purposes of debt collection, personal jurisdiction is

2 established.

3      6.      Venue in this District is proper pursuant for the following reasons: (i)

4 Plaintiff resides in the County of Riverside, State of California, which is within this

5 judicial district; (ii) the conduct complained of herein occurred within this judicial

6 district; and, (iii) Defendant has conducted business within this judicial district at all

7 times relevant.

8                              **<u>PARTIES & DEFINITIONS</u>**

9      7.      Plaintiff is a natural person whose permanent residences is in the County

10 of Riverside, State of California, and is therefore a "person" as that term is defined by

11 California Civil Code § 1788.2(g) of the Rosenthal Act.

12      8.      Plaintiff, as a natural person allegedly obligated to pay a consumer debt to

13 Defendant arising out of a Best Buy credit card issued by HSBC Bank of Nevada, N.A.

14 that Plaintiff previously used for household goods, alleged to have been due and owing,

15 is therefore both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the

16 FDCPA, and a "debtor" as that term is defined by California Civil Code § 1788.2(h) of

17 the Rosenthal Act.

18      9.      As a partnership, corporation, limited liability company, or other similar

19 entity, Defendants therefore are "persons" within the meaning of California Civil Code

20 § 1788.2(g) of the Rosenthal Act.

21      10.      Defendant alleged that it was collecting upon an allegedly defaulted credit

**COMPLAINT FOR DAMAGES**

card bill that Plaintiff initially owed to HSBC Bank of Nevada, N.A., which Plaintiff incurred by utilizing the line of credit issued to her as a Best Buy credit card for every day purchases in his daily personal life.  Therefore, Plaintiff is informed and believes that the money alleged to have been owed to Defendants originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA and California Civil Code § 1788.2(d) of the Rosenthal Act.

11.    Therefore, the money that Defendant was attempting to collect was a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

12.    Because Plaintiff, a natural person allegedly obligated to pay money arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

13.    Plaintiff is informed and believes that Defendant utilizes the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts; regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or themselves; and are therefore "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA and California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engage in "debt collection" within the meaning of California Civil Code §

**COMPLAINT FOR DAMAGES**

1  │ 1788.2(b) of the Rosenthal Act.

2  │ **FACTUAL ALLEGATIONS**

3  │     14.    Sometime prior to the year 2005, Plaintiff was issued a Best Buy credit

4  │ card, backed by a line of credit by HSBC Bank of Nevada, N.A., that Plaintiff used for

5  │ purchasing household goods.

6  │     15.    Plaintiff entered into this contract while she was a resident of the State of

7  │ California.

8  │     16.    The last four digits of the account number is 2602.

9  │     17.    At some point in or prior to the year 2005, Plaintiff went into default upon

10 │ this line of credit.

11 │     18.    Plaintiff thereafter listed the debt in her Chapter 7 bankruptcy petition in

12 │ the year 2005, and it was ultimately discharged in the year 2006.

13 │     19.    Because the default occurred at some point in or prior to the year 2005, any

14 │ legal ability of the creditor or any successor or assignee of the original creditor to file a

15 │ lawsuit against Plaintiff to obtain a judgment on said debt has been barred by the

16 │ applicable statute of limitations since at least sometime in the year 2009. *See* Calif.

17 │ Code of Civ. Proc §337, which creates a four year statute of limitations for breach of

18 │ written contract within the State of California.

19 │     20.    By letter dated February 17, 2015, Defendant FNCB sent a letter to

20 │ Plaintiff informing her that they are attempting to collect upon the HSBC Bank of

21 │ Nevada, N.A./Best Buy credit card ending in 2602.

6
**COMPLAINT FOR DAMAGES**

21.     In one area, this letter shows that Defendant claimed to be providing a "settlement offer" of 90% off the debt.

22.     In a different sentence, the letter also states that Defendant is offering "a settlement of $419.47 in 5 payments over 5 months".

23.     The letter also states, "Once all five (5) payments have been paid to our office on time, we will consider this account as settled in full".

24.     The letter also states, "Payments may not be more than 30 days apart or this settlement may be canceled."

25.     The letter also states, "This settlement offer is only guaranteed if we receive your payments in our office on or before the dates set forth in this letter.  If we do not receive payment in these amounts by these dates, we reserve the right to modify the settlement offer, or revoke it in its entirety."

26.     By repeatedly using the words "settlement" and "settle" and "offer to settle", and including a schedule of payments under threat of the "settlement offer being revoked or modified", Defendant has implied the false representation that it has a legal ability to sue Plaintiff upon the time barred debt.

27.     The FTC has recommended that if a collector knows or should know that it is collecting on a time-barred debt, it must inform the consumer that (1) the collector cannot sue to collect the debt, and (2) providing partial payment would revive the collector's ability to sue to collect the remaining balance.

28.     The Seventh Circuit Court of Appeals has ruled, "[A]n unsophisticated

7

**COMPLAINT FOR DAMAGES**

consumer could be misled by a dunning letter for a time-barred debt, especially a letter that uses the term 'settle' or 'settlement.'"   *McMahon v. LVNV Funding, LLC* (7 Cir. 2014) 744 F.3d 1010, 1022; followed by *Finley v. Dynamic Recovery Solutions LLC* (June 15, 2015 C.D. Calif.) 2015 U.S. Dist. LEXIS 77999, *11-13 ("It is plausible that the least sophisticated consumer could view an offer to settle as a veiled threat of litigation, or, at the least, as a misrepresentation that a debt is still enforceable.").

29.    In the instant matter, Plaintiff here was misled and confused, and suffered mental anguish by way of loss of sleep, nervousness, anxiety, and fear over the thought that she might possibly be sued on the time barred debt after she has worked diligently and earnestly to try and repair her life as a consumer after her Chapter 7 bankruptcy.

30.    After Plaintiff did not respond to Defendant, Defendant thereafter has failed to pursue legal action against Plaintiff, which shows that Defendant never had the intention of pursuing legal action and its implied threats were simply intended to scare her into paying the debt off.

### FIRST CAUSE OF ACTION
### (VIOLATIONS OF FDCPA)
### 15 U.S.C. §§ 1692-1692p

31.    Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

32.    By threatening to sue Plaintiff on a debt that is barred by statute of limitations, and Defendant's agents did so without actually having the intention of pursuing such legal action, Defendant FNCB has committed the following violations of

**COMPLAINT FOR DAMAGES**

the Federal FDCPA:

a. Engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, and

b. Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e, and

c. Has falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and

d. Has falsely uttered the representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. § 1692e(4), and

e. Has used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10), and

f. Has uttered a threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5), and

g. Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

///

**COMPLAINT FOR DAMAGES**

### SECOND CAUSE OF ACTION
### (VIOLATIONS OF ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

33.    Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

34.    By violating the FDCPA, as identified the First Cause of Action above, Defendant FNCB has also necessarily violated the Rosenthal Act via Calif. Civil Code § 1788.17, as the Rosenthal Act has incorporated each of those provisions of the FDCPA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

• An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

• An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

• An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

• An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

• An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated into the Rosenthal Act via Calif.

**COMPLAINT FOR DAMAGES**

1    Civ. Code §1788.17, which is cumulative and in addition to all other

2    remedies pursuant to California Civil Code § 1788.32;

3    •    An award of actual damages   pursuant to California Civil Code §

4    1788.30(a);

5    •    An award of costs of litigation and reasonable attorney's fees pursuant to

6    Cal. Civ. Code § 1788.30(c);

7    Pursuant to the seventh amendment to the Constitution of the United States of

8    America, Plaintiff is entitled to, and hereby demands, a trial by jury.

9    Dated: November 12, 2015                    Respectfully submitted,

10                                               SEMNAR & HARTMAN, LLP

11                                     By:    /s/ Jared M. Hartman_____
                                             Jared M. Hartman, Esq.
12                                           Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

**COMPLAINT FOR DAMAGES**